ANN-MARTHA ANDREWS
Nevada Bar No. 7585
AAndrews@LRLaw.com
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169
(702) 949-8200
(702) 949-8398 (fax)

Attorneys for Defendant
Aetna Life Insurance Company

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SETH LYMAN,<br><br>                    Plaintiff,<br><br>          vs.<br><br>THE MEGA LIFE AND HEALTH INSURANCE COMPANY, an entity authorized to do business in the State of Nevada; AETNA LIFE INSURANCE COMPANY, an entity authorized to do business in the State of Nevada; AETNA STUDENT HEALTH, an entity authorized to do business in the State of Nevada; and DOES 1-50, inclusive,<br><br>                    Defendants. | Case No. 3:10-cv-00554-HDM-RAM<br><br>**STATEMENT CONCERNING REMOVED ACTION** |

        Defendant Aetna Life Insurance Company ("Aetna") submits this statement

concerning removal pursuant to the Court's September 13, 2010 minute order (Dkt. 2).

        **1.       Date that the Complaint was served.**

        The plaintiff served defendant Aetna Life Insurance Company through the Nevada

Department of Insurance on August 13, 2010.[1]  The plaintiff served The Mega Life And

---

[1]  Aetna preserves its defense of inadequate service of process.

1  Health Insurance Company ("MegaLife") through the Nevada Department of Insurance on

2  July 15, 2010.  The plaintiff later voluntarily dismissed MegaLife on September 24, 2010.

3  (Dkt. 6.)

4         **2.**       **Date that the Summons was served.**

5        The plaintiff served defendant Aetna Life Insurance Company through the Nevada

6  Department of Insurance on August 13, 2010.  The plaintiff served former defendant

7  MegaLife through the Nevada Department of Insurance on July 15, 2010.

8         **3.**       **Citizenship and summary of amount in controversy.**

9        The parties are diverse.  Plaintiff Lyman alleges that he is a resident of Washoe

10  County, Nevada.  (Complaint ¶ 1.)  Defendant Aetna is a Connecticut corporation, with its

11  principal place of business in Connecticut.  Former defendant MegaLife is an Oklahoma

12  corporation with its principal place of business in Texas.

13        The amount in controversy exceeds this Court's jurisdictional minimum.  Taken

14  together, the plaintiff's allegations and demands establish that the amount in controversy

15  exceeds $75,000, exclusive of interest and costs:

16        *Alleged Contract Damages*.  The plaintiff alleges breach of contract and seeks

17  damages for medical expenses incurred.  (Complaint at ¶ 14, 20; Prayer at ¶ 3.)  The

18  medical expenses at issue are at least $22,368.

19        *Alleged Tort Damages*.  The plaintiff alleges that Aetna breached a fiduciary duty

20  and acted in bad faith by "engaging in misconduct" where a "special element of reliance or

21  fiduciary duty existed."  (Complaint ¶¶ 37, 26-27.)  For his tort damages, he seeks, among

22  other things, "damages based on lost wages, damages based upon inability to pay medical

23  bills and damages for pain and suffering."  (Prayer at ¶ 3.)  These damages are alleged to

24  exceed $10,000.  (Complaint ¶ 28.)

25        *Alleged Statutory Damages*.  In addition, Lyman alleges that Aetna violated

26  statutory duties by engaging in unfair trade practices.  He alleges damages in excess of

27  $10,000 on these violations.  (Complaint at ¶ 32.)

28        *Alleged Punitive Damages*.  Finally, Lyman alleges that he is entitled to recover

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89109

2233763.1

1   punitive damages.  (*See* Complaint at ¶¶ 30-33, 29.)  He alleges that these damages are "in

2   excess of" $10,000. (Complaint at ¶¶ 29, 33, Prayer at ¶ 2.)

3          In *BMW of North America v. Gore*, 517 U.S. 559, 574-75 (1996), the United States

4   Supreme Court set forth guideposts to review punitive damage awards for excessiveness:

5   (1) the degree of reprehensibility; (2) the difference between this remedy and the civil

6   penalties authorized or imposed in comparable cases; and (3) the disparity between the

7   harm suffered and the punitive damage award.

8          *Degree of Reprehensibility.*  The Supreme Court set forth the factors to be

9   considered in determining "reprehensibility" in *State Farm Mut. Auto. Ins. Co. v.*

10   *Campbell*, 123 S.Ct. 1513, 1519-20 (2003).  Those factors are whether (a) the harm caused

11   was physical, as opposed to economic; (b) the conduct evidenced an indifference to or a

12   reckless disregard of the health or safety of others; (c) the target of the conduct was

13   financially vulnerable; (d) the conduct involved repeated actions, rather than an isolated

14   incident; and (e) the harm was the result of intentional malice, trickery, or deceit, rather

15   than a mere accident.  *Id*. at 419, citing *Gore*, 517 U.S. at 576-77.  By implication, the

16   plaintiff has here invoked at least factors (a), (c), and (e).

17          *Comparison with civil penalties for similar conduct.*  The relevant benchmarks in

18   the present case are the penalty provisions of the Nevada insurance laws.  If an insurance

19   company engages in an unfair or deceptive act or practice, the Insurance Commissioner

20   may impose a civil penalty of $5,000 for each violation if the insurer knew or should have

21   known that it was engaging in an unfair or deceptive act or practice.  NRS

22   § 686A.183(1)(a).

23          *Ratio of punitive damages to compensatory damages.*  The Supreme Court has held

24   that "in practice, few awards exceeding a single-digit ratio between punitive and

25   compensatory damages, to a significant degree, will satisfy due process." *Campbell*, 538

26   U.S. at 425.  *Campbell* recognized an inverse relationship between an award of

27   compensatory damages and the permissible amount of punitive damages:  "When

28   compensatory damages are substantial, then a lesser ratio, perhaps only equal to

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89109

2233763.1

1  compensatory damages, can reach the outermost limit of the due process guarantee."

2  *Campbell*, 538 U.S. at 425.  The Court has stated, however, that "an award of more than

3  four times the amount of compensatory damages might be close to the line of

4  constitutional impropriety."  *Campbell*, 538 U.S. at 425.

5      *Other Nevada Punitive Damage Awards.*  The Court may also consider punitive

6  damage awards rendered in other, similar cases.  *See, e.g., Richmond v. Allstate Ins. Co.*,

7  897 F. Supp. 447, 450 (S.D. Cal. 1995).  Because the facts of each case are different, the

8  amount of the verdict rendered in one case is not necessarily indicative of what will or

9  might occur in this case.  But the case law shows that even where the contract damages are

10  minimal, Nevada juries have awarded significant bad faith and punitive damages.  *See,*

11  *e. g., Albert H. Wohlers and Co. v. Bartgis*, 114 Nev. 1249, 969 P.2d 949 (1998) (jury

12  awarded $7.5 million in punitive damages; court approved punitive damages of $3.75

13  million); *Republic Ins. Co. v. Hires*, 107 Nev. 317, 810 P.2d 790 (1991) (jury awarded

14  $22.5 million in punitive damages; court approved punitive damages of $5 million);

15  *Guaranty Nat'l Ins. Co. v. Potter*, 112 Nev. 199, 912 P.2d 267 (1996) (jury awarded

16  $1 million in punitive damages; court approved punitive damages of $250,000); *United*

17  *Fire Ins. Co. v. McClelland*, 105 Nev. 504, 780 P.2d 193 (1989) (award of $500,000 in

18  punitive damages and $143,000 in compensatory damages); *Powers v. USAA Insurance,*

19  114 Nev. 690, 726,  962 P.2d 596, 618 at n. 8 (1997) (awarding $397,000 in general

20  damages, $5 million punitive damages); *General Builders v. GAIC*, 113 Nev. 346, 350,

21  934 P.2d 257, 260 (awarding $947,566 in general damages and $2.5 million in punitive

22  damages);  *Industrial Indemnity Insurance v. Helms*, CV A 8056 HDM, *unpublished*

23  *disposition*  (D. Nev. 1994) (awarding $8.5 million in general damages and $30 million in

24  punitive damages); *Barney v. Workams Auto Insurance*, CV 96-05481 (Second Judicial

25  District Court 5/7/2001) (awarding $194,382 in compensatory damages and $500,000 in

26  punitive damages) (awarding $194,382 in compensatory damages and $500,000 in punitive

27  damages); *Crimmins v. American National Insurance Co.* (Second Judicial District Court

28  5/27/03) (awarding $983,000 in compensatory damages and $650,000 in punitive

1  damages); *Merrick v. Paul Revere Life Insurance Co.*, CV-S-00731-JCM-RJJ (D. Nev.
2  2004) (awarding $1,147,355.00 for past unpaid benefits, $500,000.00 for mental and
3  emotional distress, $2,000,000.00 in punitive damages from Paul Revere, and
4  $8,000,000.00 in punitive damages from UnumProvident).[2]

5       *Claim For Attorneys' Fees*.  Lyman alleges that he is entitled to recover attorneys'
6  fees as an element of damages.  (*See* Prayer at ¶ 4.)

7       *Conclusion*.  Taken together, the plaintiff's allegations and demands establish that
8  the amount in controversy exceeds $75,000, exclusive of interest and costs.  In addition to
9  the $22,368 in benefits at issue, the plaintiff has alleged tort damages "in excess of"
10  $10,000, statutory damages "in excess of" $10,000, punitive damages "in excess of"
11  $10,000, plus attorneys' fees.  Based on a typical 33 percent attorneys' contingent fee, this
12  equals $69,649 using the *minimum* damage values stated in the complaint—and the
13  plaintiff's complaint indicates that their damages are "in excess" of the stated amounts.
14  Alternatively, it is more likely than not that the jurisdictional minimum is met because the
15  ratio of the compensatory damages alleged ($42,368) to punitive damages need be only
16  1.3:1 to meet it (and this calculation includes no value for the attorneys' fees plaintiffs
17  expressly seek).

18       **4.   The reason for removal if filed more than 30 days after service.**
19       Not applicable – the removal was filed within 30 days of service on both
20  defendants.

21       **5.   The reason for removal if filed more than one year after the action was
         commenced in state court.**
23       Not applicable – the removal was filed within one year of commencement of the
24  state court action.

[2] *See* Notice of Removal (Dkt. 1) at Exhibit A, for trial court cases, unpublished dispositions, Trial Reporter synopses, and one website printout.)

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89109

**6.      Defendants served who did not formally join.**

Undersigned counsel avows that pursuant to a discussion with Mega Life's counsel, Mega Life intended to join in the removal; however, the plaintiff voluntarily dismissed MegaLife as an improper party, shortly after Aetna removed.

The defendants are serving by mail a copy of the Minute Order concerning removal on the plaintiffs' counsel, along with this statement responding to the Minute Order.

RESPECTFULLY SUBMITTED this 30th day of September, 2010.

LEWIS AND ROCA LLP


BY: /s/ *Ann-Martha Andrews*
ANN-MARTHA ANDREWS
Nevada Bar No. 7585
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169
Attorneys for Defendant
Aetna Life Insurance Company


## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2010, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Steven J. Klearman, Esq.
Steven J. Klearman & Associates
437 West Plumb Lane
Reno, Nevada  89509
Attorneys for Plaintiff


/s/ *Roxann Draper*
LEWIS AND ROCA LLP